# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| VDPP, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:23-cv-03210 |
| | ) |
| RICOH USA, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. PROC. 12(b)(6)**

**TABLE OF CONTENTS**

A.   INTRODUCTION………………………………………………………………….1

B.   NATURE AND STATE OF PROCEEDINGS………………………………….…2

C.   SUMMARY OF ARGUMENT………………………………………………….…2

E.   ARGUMENT………………………………………………………………………3

    1.   **Brief Summary of Relevant Legal Principles**…..………………………….....3

        a.   **Motion to Dismiss**……………………………………………………..3

        b.   **Patentable Subject Matter**…………………………………………....3

        c.   **Indirect Infringement**………………………………………………...4

        d.   **Patent Marking** ………………………………………………………4

    2.   **The Complaint Fails to State a Claim for Relief**……………………………5

        a.   **Asserted Patents Claim Patent Ineligible Subject Matter**……………5

        b.   **Plaintiff's Indirect Infringement Claims Fail Because Plaintiff Did Not Provide Ricoh with Notice of the Asserted Patents or Alleged Infringement Before Expiration Thereof**…………………...8

        b.   **Plaintiff's Claim for Damages Fails Because Plaintiff Did Not Require Licensees to Mark and Did Not Provide Ricoh with Notice of the Asserted Patents**……………..…………………..10

E.   CONCLUSION……………………………………………………………………12

# TABLE OF CITATIONS

**Cases**

*Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F.App'x 900 (Fed. Cir. 2020)……………......4, 5, 7

*Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014)……………………………………….3, 7, 8

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964)…………………………..4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………….3

*Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324 (Fed. Cir. 2015)…………………………..11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………………..3

*Blue Spike LLC v. Universal Music Grp.*, CV 22-6331-GW-JEMx,
    2023 U.S. Dist. LEXIS 35354, (C.D. Cal. Mar. 1, 2023)...………………………………9

*CliniComp International, Inc. v. Cerner Corp.*, Case No.: 17cv2479-GPC(BLM),
    2018 U.S. Dist. LEXIS 83560 at *18 (S.D. Cal. May 16, 2018)……………………………9

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)……………………………………..8

*Electrical Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)………………............8

*Express Mobile, Inc. v. Liquid Web, LLC*, C.A. 1:18-cv-01181-RGA,
    2019 U.S. LEXIS 64362 (D. Del., April 15, 2019)………………………………………10

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)………………………………4

*Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349 (Fed. Cir. 2023)……………….3, 5, 7

*In re Bill of Lading Transmission and Processing System Patent Lit.*,
    681 F.3d 1323 (Fed. Cir. 2012)…………………………………………………………….8

*In re TLI Communications LLC Patent Litig.*, 823 F.3d 607 (Fed. Cir. 2016)……………………6

*Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015)…………………5

*K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012)…………………………………..5

*SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018)……………………………..4

*Sears, Roebuck & Co. v. Stiffel Co.*, 376 U. S. 225 (1964)………………………………………9

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017)…4, 5, 7

**Statutes**

35 U.S.C. § 101……………………………………………………………………*passim*

35 U.S.C. § 271(b)…………………………………………………………………...4

35 U.S.C. § 271(c)…………………………………………………………………...4

**Rules**

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………*passim*

A.   INTRODUCTION

Plaintiff VDPP, LLC accuses Defendant Ricoh USA, Inc. ("Ricoh") of infringing two patents, U.S. Patent No. 9,426,452 ("the '452 Patent") and U.S. Patent No. 9,948,922 ("the '922 Patent"; the '452 Patent and the '922 Patent collectively the "Asserted Patents"). Plaintiff's Complaint, however, is fatally defective and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

More specifically, the claims of the Asserted Patents are all directed to devices for processing digital images which comprises a generic storage and a generic processor, each of which is defined solely by the function(s) performed and not by any structure whatsoever. Because processing digital images has been held to be an abstract idea, and the claims of the Asserted Patents add nothing to convert that abstract idea into an actual invention, the Asserted Patents fail to claim patentable subject matter and so are invalid under 35 U.S.C. § 101.

Moreover, prior to the filing of this lawsuit, Plaintiff never attempted to communicate with Ricoh regarding either of the Asserted Patents or Plaintiff's claims of infringement thereof by Ricoh. Both the '452 Patent and the '922 Patent, however, expired before Plaintiff filed its Complaint on August 30, 2023. Absent knowledge of the Asserted Patents and Plaintiff's claims of infringement thereof, Ricoh could not be liable for indirect infringement. And since the Asserted Patents expired *before* Ricoh purportedly acquired that knowledge from Plaintiff's Complaint, Plaintiff has no plausible factual basis to support any claim of indirect infringement of either Asserted Patent by Ricoh.

Finally, Plaintiff also failed to ensure that the licensee(s) of the Asserted Patents marked their products with the numbers of those patents in a substantially consistent and continuous. Plaintiff therefore has no plausible factual basis to support its claim for past damages for any

1

alleged infringement of the Asserted Patents by Ricoh, even if proven. And because both of the Asserted Patents have expired, Plaintiff has no basis to seek any future damages or an injunction against Ricoh.

Plaintiff's Complaint should therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     NATURE AND STATE OF PROCEEDINGS**

Plaintiff filed this patent infringement lawsuit against Ricoh on August 30, 2023. *See* D.I. 1. The Court entered the Plaintiff's Unopposed Motion for an Extension of Time for Ricoh to respond to Plaintiff's Complaint on September 27, 2023. *See* D.I. 11.

**C.     SUMMARY OF ARGUMENT**

1.      Plaintiff' Complaint fails to state a claim for relief because the claims of both Asserted Patents fail to recite patentable subject matter. Rather, the claims of the Asserted Patents are all directed to the abstract idea of manipulating digital images and the claims fail to provide an inventive step or unconventional components that could transform that abstract idea into a patent-eligible invention.

2.      Plaintiff's Complaint fails to state a claim for indirect infringement because Plaintiff's Complaint admits that Plaintiff did not inform Ricoh of the Asserted Patents or Plaintiff's claims of infringement prior to filing the Complaint. Since Plaintiff did not file the Complaint until after expiration of both Asserted Patents, the filing of the Complaint cannot constitute the requisite notice.

3.      Plaintiff's Complaint fails to state a claim for damages because Plaintiff's Complaint fails to plead either compliance with the marking statute or communication of actual

2

notice to Ricoh. Since Plaintiff did not file the Complaint until after expiration of both Asserted Patents, the filing of the Complaint cannot constitute the requisite notice.

**D.     ARGUMENT**

    **1.     Brief Summary of Relevant Legal Principles**

        **a.     Motions To Dismiss**

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is proper when the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, to survive a motion to dismiss, a plaintiff's complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the complaint must provide sufficient factual allegations for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

        **b.     Patentable Subject Matter**

Section 101 of the Patent Act states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C.§ 101. But section 101 also "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The Supreme Court "has articulated a two-step test [(hereinafter "the *Alice* test")] for examining patent eligibility when a patent claim allegedly involves such patent ineligible subject matter." *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1356 (Fed. Cir. 2023) (citing *Alice*, 573 U.S. at 217–18).

Under the *Alice* test for patentability, a claim falls within the exception to section 101 if: (i) the claim is directed to a patent ineligible concept like an abstract idea, law of nature, or natural phenomenon; and (ii) the claim lacks elements sufficient to transform it into patent eligible subject matter. *See SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166–67 (Fed. Cir. 2018). Claims directed to processing and/or storing digital information "using result-based functional language" have been found to be directed to an abstract idea. *See*, *e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). Similarly, claims that recite "displaying images, converting them into a format, transmitting them, and so on" have also been found to be directed to an abstract idea. *See Hawk Tech.*, 60 F.4th at 1357; *see also Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F.App'x 900, 903 (Fed. Cir. 2020) (collecting cases).

  **c.**   **Indirect Infringement**

Proof that the accused indirect infringer knew of the allegedly infringed patent is required to establish liability under either 35 U.S.C. § 271(b) or § 271(c). *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) ("On this question a majority of the Court is of the view that § 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing."); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011) ("Based on th[e] premise [that § 271(c) requires knowledge of the existence of the patent that is infringed], it follows that the same knowledge is needed for induced infringement under § 271(b)." (internal citation omitted).).

  **d.**   **Patent Marking**

Pursuant to statute, "[i]n the event of failure [of a patentee of their licensee] . . . to mark [a patented device], no damages shall be recovered by the patentee in any action for infringement,

4

except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). Thus, "[i]n the absence of marking a patented article, a patentee . . . must notify a party of the infringement for damages to accrue." *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012).

### 2. The Complaint Fails to State a Claim for Relief

#### a. The Asserted Patents Claim Patent Ineligible Subject Matter

The claim(s) of the Asserted Patents are all directed to processing or manipulating digital images, which are abstract ideas and therefore not patent eligible under 35 U.S.C. § 101. *See*, *e.g.*, *Two-Way Media*, 874 F.3d at 1337 ("Claims directed to generalized steps to be performed on a computer using conventional computer activity are not patent eligible. *Internet Patents* [*Corp. v. Active Network, Inc*.] 790 F.3d [1343,] 1348-49 [(Fed. Cir. 2015)]."); *Hawk Tech.*, 60 F.4th at 1357 ("The claims are directed to a method of receiving, displaying, converting, storing, and transmitting digital video 'using result-based functional language.' . . . The claims are similar to those we have found to be directed to abstract ideas."); *Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F.App'x 900, 903 (holding that "encoding and decoding image data and . . . converting formats, including when data is received from one medium and sent along through another, are by themselves abstract ideas.").

Here, the asserted claims of the '452 Patent recite "an apparatus" comprising "a storage adapted to: store one or more image frames" and "a processor adapted to:" manipulate and process images from video streams. *See* D.I. 1-1 at col. 46, lines 42-45. According to the claims, this manipulation and processing involves: "obtain[ing] a first image from a first video stream;

obtain[ing] a second [different] image from a second video stream . . . ; stitch[ing] together the first and second image to generate a stitched image frame; generat[ing] a first modified image frame by removing a first portion of the stitched image frame; generat[ing] a second modified image frame by removing a second portion . . . ; generat[ing] a third modified image frame" and then "identif[ing] a bridge frame" and blending each of the modified image frames with the bridge frame "to generate a combined frame" which is then displayed. *See id.* at col. 46, l. 46, to col. 47, l. 7.

Significantly, none of the asserted claims of the '452 Patent discloses or describes how any of the processing steps are to be performed or the software and/or hardware necessary to do so. None of the asserted claims, for example, recites how the modified image frames are supposed to be blended with the bridge frame or how the blended frames are supposed to be overlaid to generate a combined frame and thereby accomplish the alleged goal of the invention of "achiev[ing] faster transition times than may be achieved by the use of only a single layer." *See* D.I. 1-1 at col. 1, ll. 49-54.

The fact that the asserted claims of the '452 Patent are direct to an apparatus does not change this analysis. The claims of the '452 Patent do not recite any specific structure(s) associated with or making up the recited "storage" or "processor" elements. Rather, at most, the asserted claims of the '452 Patent recite the use of generic computer components to carry out the abstract idea of manipulating and processing images, but that is not sufficient to define patentable subject matter. *See*, *e.g.*, *In re TLI Communications LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (holding that, despite reciting "concrete, tangible components," the claims were directed to an abstract idea where "the physical components merely provide[d] a generic environment in which to carry out the abstract idea").

The asserted claims of the '922 Patent are substantially similar in all material respects, *i.e.*, the claims recite "an apparatus" comprising "a storage adapted to: store one or more image frames" and "a processor adapted to:" manipulate and process images from video streams. *See* D.I. 1-3 at col. 113, ll. 27-30, ll. 49-52; col. 114, ll. 6-9, 30-33, 54-57; and col. 115, ll. 10-13. According to the claims of the '922 Patent, this manipulation and processing involves many of the same steps as the claims of the '452 Patent, including: "obtain[ing] a first [or second] image frame"; "generat[ing] a first [or second] modified image frame"; and "display[ing] the first [or second] modified image frame." *See id.* at cols. 113-115.

Much like the asserted claims of the '452 Patent, none of the asserted claims of the '922 Patent discloses or describes how any of the processing steps are to be performed or the software and/or hardware necessary to do so. None of the asserted claims, for example, recites how the modified image frames are supposed to be generated and displayed to accomplish the alleged goal of the invention of "producing an appearance of continuous movement using a finite number of images, i.e. as few as two images." *See* D.I. 1-1 at col. 2, ll. 32-34.

Claims which merely involve manipulating or processing digital images from one format to another have repeatedly been found to be directed to an abstract idea, particularly when coupled with result-based function language. *See*, *e.g.*, *Hawk Tech.*, 60 F.4th at 1357 (citing *Adaptive Streaming*, 836 F.App'x at 903); *Two-Way Media*, 874 F.3d at 1337. The asserted claims of both the '452 Patent and the '922 Patent therefore fail the first prong of the *Alice* test.

With respect to the second prong of the *Alice* test, the asserted claims of both the '452 Patent and the '922 patent do not show any technological improvement, even when considering their respective specifications, because both methods can be implemented using generic conventional computer elements. As in other cases where the Federal Circuit has found the claims

7

to be unpatentable under section 101, "[n]othing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information." *Electrical Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016). The claims of the Asserted Patents therefore fail the second prong of the *Alice* test as well.

Since all of the claims of the Asserted Patents are directed to patent ineligible subject matter, Plaintiff's Complaint fails to state a claim for patent infringement. Dismissal with prejudice is therefore appropriate.

### b. Plaintiff's Indirect Infringement Claims Fail Because Plaintiff Did Not Provide Ricoh with Notice of the Asserted Patents or Alleged Infringement Before Expiration Thereof

The '452 Patent and the '922 Patent both claim priority under 35 U.S.C. § 120 to U.S. Patent Application No. 10/54,607 ("the '607 Application"), which was filed on January 22, 2002. *See* D.I. 1-1 at 1; 1-3 at 1. Neither the term of the '452 Patent nor the term of the '922 was eligible for any extension pursuant to 35 U.S.C. § 154(b), so both of the Asserted Patents expired on January 22, 2022, twenty years from the filing date of the '607 Application. Significantly, Plaintiff did not file its Complaint in this action until August 30, 2023, more than a year-and-a-half *after* both Asserted Patents had expired.

To be liable for either induced or contributory infringement, a defendant must: (1) have knowledge of the asserted patent(s); and (2) have knowledge that the direct infringers' actions constitute patent infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (a plaintiff must allege "knowledge of the patent in suit and knowledge of patent infringement"). Critically, such knowledge must exist *before* the expiration of the patents. *See In re Bill of Lading Transmission and Processing System Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir.

8

2012) (To survive a motion to dismiss an induced infringement claim, Plaintiff must allege "facts plausibly showing that [the defendant] specifically intended their customers to infringe the [patent at issue] and knew that the customer's acts constituted infringement.").

Accordingly, where a complaint lacks sufficient factual allegations to support an assertion that defendants had pre-suit knowledge of the asserted patents, the complaint should be dismissed at least as to any pre-suit indirect infringement. *See, e.g. Blue Spike LLC v. Universal Music Grp.*, CV 22-6331-GW-JEMx, 2023 U.S. Dist. LEXIS 35354, at *10-12 (C.D. Cal. Mar. 1, 2023) (granting motion to dismiss pre-suit indirect infringement allegations because none of the plaintiff's allegations "provides a plausible basis to infer that Defendants knew about the Asserted Patents"); *CliniComp International, Inc. v. Cerner Corp.*, Case No.: 17cv2479-GPC(BLM), 2018 U.S. Dist. LEXIS 83560 at *18 (S.D. Cal. May 16, 2018) (granting motion to dismiss indirect infringement allegations because asserted patent expired two weeks before the filing of complaint for infringement).

Here, Plaintiff's Complaint admits that Plaintiff did not provide notice to Ricoh of either the Asserted Patents or Plaintiff's claims of infringement before the Complaint was filed. *See* D.I. 1 at ¶¶ 10, 11, 13, 14. And, because the Asserted Patents expired over a year and six months ***before*** the Complaint was filed, Plaintiff's filing of the Complaint cannot constitute the requisite notice for either inducement of infringement or contributory infringement. *See Sears, Roebuck & Co. v. Stiffel Co.*, 376 U. S. 225, 230 (1964) ("[W]hen the patent expires, the monopoly created by it expires, too, and the right to make the article -- including the right to make it in precisely the shape it carried when patented -- passes to the public."). Plaintiff's claims for indirect infringement should therefore be dismissed with prejudice.

      **c.**      **Plaintiff's Claim for Damages Fails Because Plaintiff Did Not Require Licensees to Mark and Did Not Provide Ricoh with Notice of the Asserted Patents**

It is well-settled that, "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing." *See*, *e.g.*, *Express Mobile, Inc. v. Liquid Web, LLC*, C.A. 1:18-cv-01181-RGA, 2019 U.S. LEXIS 64362 at *4 (D. Del., April 15, 2019). Plaintiff's Complaint fails to meet this requirement, *i.e.*, the Complaint fails to plead compliance with the marking requirements of section 287 of the statute. *See* D.I. 1.

Nor could Plaintiff claim compliance with the marking requirement of section 287 since there is a plethora of evidence that neither Plaintiff nor its predecessor-in-interest, Visual Effect Innovations, LLC ("VEI"), appears to have required any of their licensees to mark their products with the numbers of the Asserted Patents.

For example, LG Electronics, Inc. and LG Electronics USA, Inc. were sued by VEI in 2017 for infringement of, *inter alia*, the '922 Patent and that action was subsequently settled. *See* Ex. A-1. As can be seen even from a cursory review of LG's virtual patent marking webpage, however, LG has never marked any of its products with the number of the '922 Patent. *See* https://www.lg.com/us/patent.

Likewise, Plaintiff sued TTE Technology Inc. in 2019 for infringement of, *inter alia*, both the '922 Patent and the '452 Patent and that action was similarly subsequently settled. *See* Ex. A-2. The product literature associated with the products accused in that action, however, shows that TTE never marked its products with either the number of the '922 Patent or the number of the '452 Patent. *See*, *e.g.*, https://www.tcl.com/us/en/products/home-theater/6-series/55-class-6-series-4k-qled-hdr-smart-google-tv-55r646.

In addition, Plaintiff also sued Facebook Technologies, LLC f/k/a Oculus VR, LLC in 2019 for infringement of the same patents, including the '452 Patent and the '922 Patent, and that action was also settled. *See* Ex. A-3. As can be seen even from a cursory review of Oculus' virtual patent marking webpage, however, Facebook/Oculus never marked any product with either the number of the '922 Patent or the number of the '452 Patent. *See* Ex. A-4.

"In the absence of marking a patented article, a patentee . . . must notify a party of the infringement for damages to accrue." *K-TEC,* 696 at 1379. Plaintiff's Complaint, however, fails to allege that Plaintiff notified Ricoh of either Asserted Patents prior to the filing of that Complaint. *See* D.I. 1 at ¶¶ 10, 11, 13, 14. Indeed, the Complaint expressly admits that the only notice actually provided by Plaintiff to Ricoh was the filing of Plaintiff's Complaint. *See id.*

Plaintiff's Complaint therefore fails to plausibly allege that Ricoh is liable for any damages to Plaintiff even if Plaintiff were somehow to show infringement of an Asserted Patent. *See, e.g., Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) ("We have long held that there can be no infringement once the patent expires, because the rights flowing from a patent exist only for the term of the patent.") (internal quotation marks omitted). Plaintiff's claim for damages must therefore also be dismissed with prejudice.

**E.     CONCLUSION**

For at least the reasons above, the Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: November 27, 2023

Respectfully submitted,

By: */s/ Andy Tindel*
Andy Tindel
Texas State Bar No. 20054500
Southern District Bar No. 8015
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
Email: atindel@andytindel.com

Donald R. McPhail
Attorney-in-Charge
(motion for *Pro Hac Vice* to be filed)
OBLON, MCLELLAND, MAIER & NEUSTADT LLP
1940 Duke Street
Alexandria, VA 22314
dmcphail@oblon.com
Telephone: 703-413-3000
Facsimile: 703-413-2220

***Attorneys for Defendant Ricoh USA, Inc.***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this 27th day of November, 2023, with a copy of the foregoing via CM/ECF filing.

*/s/ Andy Tindel*
Andy Tindel